UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KEVIN M. LOUGHMAN,<br>  Petitioner,<br><br>v.<br><br>STEVEN O'BRIEN,<br>  Respondent. | )<br>)<br>)  Civil Action No. 05-10374-RCL<br>)<br>)<br>)<br>)<br>) |

**RESPONDENT'S MOTION FOR MORE DEFINITE STATEMENT**

Respondent moves, pursuant to F.R.C.P. 12(e), for an order requiring the petitioner, Kevin Loughman, to file a petition that plainly sets forth each of his claims. In support of the motion, the respondent states that:

  1.  On February 11, 2005, the petitioner filed the habeas corpus action that is the subject of this case. In his habeas petition, the petitioner raises four grounds for relief. *See* Habe. Pet. ¶¶ 12(A)-(D).

  2.  The petitioner's first ground for relief claims a: "Denial of effective assistance of counsel." The claim is premised upon the: "Failure of the Defendant's trial counsel to object to said jury instructions [which] constituted ineffective assistance under Sixth and Fourteenth Amendments to the United States Constitution." *See* Habe Pet. ¶ 12(A).

  3.  As it is currently worded, it is impossible for the respondent to determine the precise nature of the claim for relief. Although it is apparent that the petitioner claims ineffective assistance of counsel due to counsel's failure to object to a certain jury instruction, it is entirely unclear to the respondent what language of "said jury instructions" the petitioner claims would have draw an objection from a constitutionally competent attorney.

4.     Without an order requiring the petitioner to identify the language of the jury instruction that he claims required an objection, the respondent would be required to speculate as to the nature of the petitioner's claim. Furthermore, it is impossible for the respondent to determine whether the claim is exhausted. If the claim is in fact unexhausted, providing timely notice to the petitioner will permit him to return to state court in order to exhaust his claims prior to the expiration of the one-year statute of limitations. *See* 28 U.S.C. § 2254(d)(1).[1]

5.    Respondent further notes, by way of example, that the petitioner's third claim for relief is an allegation of an erroneous jury instruction that provides sufficient detail to identify and answer the claim.

For these reasons, the respondent respectfully requests that the Court allow his motion for a more definite statement, and require the petitioner to file in a timely fashion, a more clear statement as to the language of the jury instruction that gives rise for the claim asserted in subparagraph 12(A) of his habeas corpus petition.

Respectfully submitted,

THOMAS F. REILLY
ATTORNEY GENERAL

/s/ Daniel I. Smulow
Daniel I. Smulow
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200 ext. 2949
BBO No. 641668

---

[1] The respondent notes that the petitioner's conviction became final on December 9, 2004, ninety days after the Supreme Judicial Court denied his application for further appellate review. *See David v. Hall*, 318 F.3d 343, 344-345 (1st Cir. 2001); *Commonwealth v. Loughman*, 442 Mass. 1108, 815 N.E.2d 1084 (Sept. 10, 2004).

Dated: April 22, 2005

**Certificate of Compliance with Local Rule 7.1(A)(2)**

I, Daniel I. Smulow, hereby certify that I am unable to consult with Mr. Loughman because he is presently incarcerated.

/s/ Daniel I. Smulow

**Certificate of Service**

I, Daniel I. Smulow, hereby certify that a true copy of the above document was served on Kevin Loughman, N.C.C.I. - Gardner, 500 Colony Road, P.O. Box 466, Gardner, MA 01440, by first class mail, postage prepaid, on April 22, 2005.

/s/ Daniel I. Smulow