UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CASE NUMBER 5-CV-10374 RCL

KEVIN M. LOUGHMAN,
Petitioner

V.

STEVEN J. O'BRIEN,
Respondent

## MOTION FOR LEAVE FOR A COURT ORDERED EVIDENTIARY HEARING

NOW COMES the Petitioner, Kevin M. Loughman, pro-se in the above-entitled civil action at bar and respectfully moves this Honorable Court for leave to have an evidentiary hearing pursuant to 28 U.S.C. § 2254 Rules, rule 8(a)(b).

In support of this motion petitioner states that it is the function of the magistrate when designated to do so in accordance with 28 U.S.C. § 636(b), a magistrate may conduct hearings, including evidentiary hearings, on the petition, and submit to a judge of the court proposed findings of fact and recommendations.

(2)

The aforementioned rule outlines the procedure to be followed by the court immediately prior to and after the determination of whether to hold an evidentiary hearing.

The provisions are applicable if the petition has not been dismissed at a previous state in the proceeding [including a summary dismissal under rule 4; a dismissal pursuant to a motion by the responsent; a dismissal after the answer and petition are considered; or a dismissal after consideration of the pleadings and an expanded record].

If dismissal has not been ordered, the court must determine whether an evidentiary hearing is required. This determination is to be made upon a review of the answer, the transcript and record of state court proceedings, and if there is one, the expanded record. As the United States Supreme Court noted in <u>Townsend V. Sain</u>, 372 U.S. 293, 319 (1963): Ordinarily [the complete state-court] record - including the transcript of testimony (or if unavailable some adequate substitute, such as a narrative record), the pleadings, court opinions, and other pertinent documents - is indispensable to determining whether the habeas applicant received a full and fair state-court evidentiary hearing resulting in reliable findings.

(3)

Subdivision (a) contemplates that all of these materials, if available, will be taken into account. This is especially important in view of the standard set down in Townsend for determining when a hearing in the federal habeas proceeding is mandatory.

The appropriate standard... is this: Where the facts are in dispute, the federal court in habeas corpus must hold an evidentiary hearing if the habeas applicant did not receive a full and fair evidentiary hearing in a state court, either at the time of the trial or in a collateral proceeding. 372 U.S. at 312.

The circumstances under which a federal hearing is mandatory are now specified in 28 U.S.C. § 2254(d). The 1966 amendment clearly places the burden on the petitioner, when there has already been a state hearing, to show that it was not a fair or adequate hearing for one or more of the specifically enumerated reasons, in order to force a federal evidentiary hearing. Since the function of an evidentiary hearing is to try issues of fact (372 U.S. at 309), such a hearing is unnecessary when only issues of law are raised. See, e.g. <u>Yeaman V. United States</u>, 326 F2d 293 (9th Cir 1963).

In situations in which an evidentiary hearing is not mandatory, the judge may noneheless decide that an evidentiary hearing is desirable:

(4)

The purpose of the test is to indicate the situations in which the holding of an evidentiary hearing is mandatory. In all other cases where the material facts are in dispute, the holding of such a hearing is in the discretion of the district judge. 372 U.S. at 318.

WHEREFORE, Petitioner prays this court:

1. ALLOW the within motion; and

2. ORDER an evidentiary hearing in this instant matter at bar; and

3. GRANT any other and further relief on the behalf of the petitioner as this Honorable Court deems fair and just.

Respectfully Submitted;
By the Petitioner;

Dated: 9/30/05

/s/ Mr. Kevin M. Loughman
Mr. Kevin M. Loughman, pro-se
W-80115
NCCI Gardner
500 Colony Rd. Po Box 466
Gardner, MA 01440-0466