UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Case Number **5-CV-10374 RCL**

KEVIN M. LOUGHMAN,
Petitioner

V.

STEVEN J. O'BRIEN,
Respondent

## MOTION FOR THE APPOINTMENT OF COUNSEL

NOW COMES the Petitioner, Kevin M. Loughman, pro-se in the above-
entitled civil action at bar and respectfully moves this Honorable Court
pursuant to 18 U.S.C.A. § 3006A for the appointment of counsel to represent
the petitioner on an evidentiary hearing, and to act as counsel or stand
by counsel during the discovery process.

In support of this motion petitioner states that he is entitled
to the appointment of counsel pursuant to the Sixth and Fourteenth Amendments
to the United States Constitution as well as the Equal Protection Clause
to the Massachusetts Declaration of Rights.

(2)

Under subdivion (c) of Rule 8 for the Rules governing Section 2254
cases, there are two provisions that differ from the procedure set forth
in 28 U.S.C. § 2243. These are the appointment of counsel and standard
for determining how soon the hearing will be held.

If an evidentiary hearing is required the judge must appoint counsel
for a petitioner who qualifies for appointment under the Criminal Justice
Act. Currently, the appointment of counsel is not recognized as a right
at any state of a habeas proceeding. See, e.g. United States ex rel
Marshall V. Wilkins, 338 F.2d. 404 (2d cir 1964). Some district courts
have, however, by local rule, required that counsel must be provided
for indigent petitioners in cases requiring a hearing. See, e.g. D.N.M.R.
21(f), E.D.N.Y.R. 26(d). Appointment of counsel at this stage is mandatory
under subdivision (c). This requirement will not limit the authority
of the court to  provide counsel at an earlier stage if it is thought
desirable to do so as is done in some courts under current practice.
At the evidentiary hearing stage, however, an indigent petitioner's
access to counsel should not depend on local practice and, for this
reason, the furnishing of counsel is made mandatory.

(3)

Counsel can perform a valuable function benefiting both the court and the petitioner. The issues raised can be more clearly identified if both side have the benefit of trained legal personnel. The presence of counsel at the prehearing conference may help to expedite the evidentiary hearing or make it unnecessary, and counsel will be able to make better use of available prehearing discovery procedures. Compare ABA Project on Standards for Criminal Justice, Standards Relating to Post-Conviction Remedies § 4.4, p. 66 (Approved Draft 1968). At a hearing, the petitioner's claims are more likely to be effectively and properly presented by counsel.

Under 18 U.S.C. § 3006A(g), payment is allowed counsel up to $250, plus reimbursement for expenses reasonably incurred. The standards of indigency under this section are less strict than those regarding eligibility to prosecute a petition in forma pauperis, and thus many who cannot qualify to proceed under 28 U.S.C. § 1915 will be entitled to the benefits of counsel under 18 U.S.C. § 3006(g). Under rule 6(c), the court may order the respondent to reimburse counsel from state funds for fees and expenses incurred as the result of the utilization of discovery procedures by the respondent.

(4)

Subdivision (c) provides that the hearing shall be conducted as promptly as possible, taking into account "the need of counsel for both parties for adequate time for investigation and preparation." This differs from the language of 28 U.S.C. § 2243, which requires that the day for the hearing be set "not more than five days after the return unless for good cause additional time is allowed." This time limit fails to take into account the function that my be served by a prehearing conference and the time required to prepare adequately for an evidentiary hearing. Although "additional time" is often allowed under § 2243, subdivision (c) provides more flexibility to take account of the complexity of the case, the availability of important materials, the workload of the attorney general, and the time require by appointed counsel to prepare.

While this rule does not make specific provision for a prehearing conference, the omission is not intended to cast doubt upon the value of such a conference.

The conference may limit the questions to be resolved, identify areas of agreement and dispute, and explore evidentiary problems that may be expected to arise...[S]uch conferences may also disclose that a hearing is unnecessary...

(5)

ABA Project on Standards for Criminal Justice, Standards Relating to Post-Conviction Remedies § 4.6, commentary pp 74-75. (Approved Draft, 1968.)

See also Developments in the Law - Federal Habeas Corpus, 83 Harv L Rev 1038, 1188 (1970).

WHEREFORE, Petitioner prays this court:

1.  ALLOW the within motion; and

2.  ORDER the appointment of counsel for the petitioner; and

3.  GRANT any other and further relief on the behalf of this petitioner as this Honorable Court deems fair and just.

                                        Respectfully Submitted;
                                        By the Petitioner;

Dated: 9/30/05                          /s/ Mr. Kevin M. Loughman

                                        Mr. Kevin M. Loughman, pro-se
                                        W-80115
                                        NCCI
                                        500 Colony Rd. Po Box 466
                                        Gardner, MA 01440

CERTIFICATE OF SERVICE

I hereby certify that on this date I have mailed a correct and true copy of the enclosed documents to each party of record, postage pre-paid via first class mail.

Certified By;

Dated: 9/30/05

Mr. Kevin M. Loughman
W-80115
NCCI Gardner
500 Colony Rd. Po Box 466
Gardner, MA 01440-0466