UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 05-10374-RCL

KEVIN M. LOUGHMAN,
Petitioner

V.

STEVEN O'BRIEN,
Respondent

### PETITIONER'S PRO-SE MORE DEFINITE STATEMENT

Pursuant to the Honorable Justice York, Steve on 9/28/05 the Pro-se Prisoner Petitioner, Kevin M. Loughman submits the following more definite statement. The following is an excerpt from the Petitioners brief before the Supreme Judicial Court docket No. 03-P-0162 and submitted by Attorney David H. Mirsky. The preceding is outlined in paragraph 12(A) of the Habeas Corpus Petition that is currently before this Court.

  The trial judge erred and created a substantial risk of a miscarriage of justice by instructing the jury, in response to the jury's impasse in reaching a verdict on the charge of rape alleged in count two, that it was the preference of the court to receive verdicts on all three counts at the same time, without also instructing the jury that they had the authority to remain deadlocked if conscientious effort could not produce verdicts on all three counts; trial counsel's failure to object to said jury instructions constituted ineffective assistance of counsel under the Sixth and Fourteenth Amendments to the United States Constitution.

    The trial judges jury instructions in response to the jury's declared impasse were erroneous.

(2)

This Court has recognized "that deadlocked juries are particularly susceptible to coercion." Commonwealth V. Roth, 437 Mass. 777, 791 (2002) (citing Commonwealth V. Connor, 392 Mass. 838, 844 (1984)). Thus, a misstatement in the standard Tuey charge requires correction "'even if it is a slight one' due to a tendency toward coercion.'" Commonwealth V. Roth, supra, 437 Mass. at 791 (citing and quoting Commonwealth V. Rodriguez, 364 Mass. 87, 99 (1973)). ["Tuey" refers to the case of Commonwealth V. Tuey, 8 Cush. 1, 2-3 (1851.) "Although a mistrial may be expensive in both human and monetary costs, it is not to be avoided by intrusion into the jury's domain." Commonwealth V. Connor, supra, 392 Mass. at 844.

The jury instructions in response to the jury's declared impasse were erroneous because the jurors were effectively ordered to reach verdicts on all three counts without being told of their authority to remain deadlocked if conscientious effort could not produce verdicts on all three counts. See Tr. Vol. 3/10-11; Commonwealth V. Rodriguez, supra, 364 Mass. at 98-99, Appendiz A (disapproving, as a coercive, material misstatement, the portion of the charge in Commonwealth V. Tuey, 8 Cush. 1, 2-3 (1851), which states that "'the case must at some time be decided,'" and, in Appendiz A, offering amended language stating, "You should consider that it is desirable that the case... be decided.").

(3)

In the case at ba, the trial judge did state to the jury that "it is desirable that this case bedecided" (Tr.Vol. 3/11), however, this statement was made within the context of the trial judge's preface that the purpose of these instructions was to achieve the Court's preference of verdicts on all three counts. (See Tr. Vol. 3/10/11) Contrast the adequate charge in Commonwealth V. Smith, 427 Mass. 245, 254-256 n. 10 (1998) ("'I certainly don't want to convey the impresision upon you that yo must reach a verdict. Of course there have been times when jurors have not been able to agree....'"). In erroneously upholding the jury instructions at issue, the Appeals Court has cited Commonwealth V. Smith, supra, see Slip op. at 3 (citing Commonwealth V. Smith, supra, 427 Mass. at 254 n. 10), without acknowledging that the crucial language of Smith, "'**I certainly don't want to convey the impression upon you that you must reach a verdict. Of course there have been times when jurors have not been able to agree** (emphasis added)....'" Smith, supra, at n. 10, or its import, are glaringly absent from the impasse instruction. See Tr. Vol. 3/10-13.

**Substantial risk of a miscarriage of justice.**

The defendant did not object to the instructions at issue. (See Tr. Vol. 3/13) The error was material because coercive instructions necessarily have a material influence upon a jury's deliberations.

(4)

See Commonwealth V. Rodriguez, supra, 364 Mass. at 98-99. The convictions must be reversed because the error created a substantial risk of amiscarriage of justice. See, e.g., Commonwealth V. Alphas, 430 Mass. 8, 13 (1999).

c.  **Ineffective assistance of counsel under the Sixth and Fourteenth Amendments to the United States Constitution.**

Because, as described above, the failure of defendant's trial counsel to object to the instructions at issue constituted error so serious and prejudicial to the defendant as to deprive the defendant of a fair trial, said failure constituted ineffective assistance of counsel under the Sixth and Fourteenth Amendments, and the defendant's convictions must be reversed. See Strickland V. Washington, 466 U.S. 668, 687 (1984); Evitts V. Lucey, 469 U.S. 387, 392 (1985) (Sixth Amendment right to effective assistance of counsel applies to the States through Fourteenth Amendment).

2.  **The trial judge erred and created a substantial risk of a miscarriage of justice by instructing the jury as to fresh complaint evidence in a manner that indicated to the jury that the alleged fresh complaint statements had indeed been made by the complainant to the alleged fresh complaint witness; the trial judge's jury instructions as to fresh complaint evidence violated the Due Process Clausee of the Fourteenth Amendment, the Sixth Amendment right to have a jury decide guilty and innocence, and Article 12 of the Massachusetts Declaration of Rights; the failure of the defendant's trial counsel to object to said jury instructions constituted ineffective assistance of counsel under the Sixth and Fourteenth Amendments to the United States Constution**

(5)

A. **The Complaint instructions were erroneous because they could have communicated to the jury the appearance that the trial judge viewed the statements constituting the purported fresh complaint as having indeed been made by the complainant to Laura Glica.**

The Commonwealth cites model jury instructions in support of its assertion that the trial judge's fresh complaint instructions were proper. See Commonwealth's Memorandum at 14-15 (Citing Model Jury Instructions for Use in Superior Court, § 4.24 (1999)); Commonwealth's Appendix/1-2 (attached). Model jury instructions are not immune from the need for revision. See, e.g., Commonwealth V. Martin, 19 Mass. App. Ct. 117, 122 n. 5 (1984) (addressing Commonwealth V. Toney, 385 Mass. 575 (1982)) The appellate court is required to look for "possible misunderstandings by reasonable jurors." See Commonwealth V. Rosa, 422 Mass. 18, 28 (1996).

Because the language used by the trial judge could have communicated to the jury the appearance that he viewed the purported fresh complaint statements as having indeed been made by the complainant to Laura Glica (See Tr. Vol. 2/30-32, 236-237), said fresh complaint instructions were erroneous. See Commonwealth V. Rosa, supra; Commonwealth V. Kane, 19 Mass. App. Ct. 129, 138 (1984), review denied, 394 Mass. 1101 (1985).

B. **The jury instructions on fresh complaint evidence violated the Due Process Clause of the Fourteenth Amendment to the United States Constitution; said jury instructions also violated Article 12 of the Massachusetts Declaration of Rights.**

(6)

"Jury instructions which relieve the government of its burden of proof 'beyond a reasonable doubt of every fact necessary to constitute the crime' violate due process." Commonwealth V. Pickles, 393 Mass. 775, 778 (1985) (quoting In re Winship, 397 U.S. 358, 364 (1970)). Such jury instructions violate the Due Process Clause of the Fourteenth Amendment as well as the Massachusetts Equivalent of the Due Process Clause under Article 12 of the Massachusetts Declaration of Rights. See In re Winship, supra, 397 U.S. at 364; Commonwealth V. Moran, 353 Mass. 166, 171 (1967). Because the language used by the trial judge could have communicated to the jury the appearance that the trial judge viewed the purported fresh complaint statements as having indeed been made by the complainant to Laura Glica (see Tr. Vol. 2/30-32, 236-237), said fresh complaint instructions violated the Due Process Clause of the Fourteenth Amendment, and violated the due process protections of Article 12, by relieving the government of its burden of proof beyond a reasonable doubt of every fact necessary to constitute the crimes charged.

c.   The jury instructions on fresh complaint evidence violated the defendant's right under the Sixth Amendment to the United States Constitution to have a jury decide guilt and innocence; said jury instructions further violated Article 12 of the Massachusetts Declaration of Rights.

(7)

A jury instruction "that allows the jury to convict without properly finding the facts supporting each element of the crime" is erroneous because it violates "the [S]ixth [A]mendment right to have a jury decide guilt and innocence. See United States V. Voss, 787 F. 2d 393, 398 (8th Cir.), cert. denied, 479 U.S. 888 (1986). Such an instruction also violates the requirement of Article 12 of the Massachusetts Declaration of Rights that "no subject shall be...imprisoned... or deprived of his life, liberty, or estate, but by the judgment of his peers, or the law of the land." See Mass. Const. art. 12. Because said fresh complaint instructions could have communicated to the jury the appearance that the trial judge viewed the statements constitution the purported fresh complaint as having indeed been made by the complainant to Laura Glica (see Tr. Vol. 2/30-32, 236-237 (as quoted supra)), these instructions violated the defendant's Sixth Amendment right to have a jury decide guilt and innocence; and these instructions violated Article 12.

D. **Substantial risk of a miscarriage of justice.**

The defendant did not object to the foregoing instructions. (See Tr. Vol. 2/30/34, 236-250) There is a substantial risk that the erroneous fresh complaint instructions gave improper weight to the Commonwealth's case by conveying to the jury the impression that the purported fresh complaint statements had indeed been made by the complainant to Laura Glica, thereby bolstering unfairly the testimony of both Laura Glica and the complainant. Compare Tr. Vol. 2/30-32, 236-237. The error created a substantial risk of a miscarriage of justice. See, e.g., Commonwealth

(8)

v. Alphas, supra, 430 Mass. at 8, 13.

E. **Ineffective assistance of counsel under the Sixth and Fourteenth Amendments to the United States Constitution.**

Because, as described above, the failure of defendant's trial consel to object to the trial judge's fresh complaint instructions effectively bolstered the credibility of both fresh complaint witness Laura Glica and the complainant, and because said failure constituted error so serious and prejudicial to the defendant as to deprive the defendant of a fair trial, said failure constituted ineffective assistance of counsel under the Sixth and Fourteenth Amendments. See Strickland V. Washington, supra, 466 U.S. at 687; Evitts V. Lucey, supra 469 U.S. at 392 (Sixth Amendment right to effective assistance of counsel applies to States through Fourteenth Amendment).

## CONCLUSION

The preceeding comply with this courts order to the best of this pro-se prisoner Petitioners ability to form a more definite statement of paragrap 12(A) of his petition for a writ of habeas corpus.

Respectfully Submitted;

Dated: 10/5/05

/s/ Mr. Kevin M. Loughman, pro-se
W-80115
NCCI Gardner
500 Colony Rd. Po Box 466
Gardner, MA 01440-0466

CERTIFICATE OF SERVICE

I hereby certify that on this date I have mailed a correct and true copy of the enclosed documents to each party of record, postage pre-paid, via first class mail.

Certified By;

Dated: 10/5/05

/s/ Mr. Kevin M. Loughman
NCCI Gardner
500 Colony Rd. Po Box 466
Gardner, MA 01440-0466