**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **KEVIN M. LOUGHMAN,** )  | |
| Petitioner, ) | |
| ) | **Civil Action No. 05-10374-RCL** |
| **v.** ) | |
| ) | |
| **STEVEN O'BRIEN,** ) | |
| Respondent. ) | |

**ANSWER TO HABEAS CORPUS PETITION**

Pursuant to Rule 5 of the Rules Governing Section 2254 cases, the respondent, Steven

O'Brien, by and through his counsel, the Attorney General of the Commonwealth of

Massachusetts, hereby answers the Petition for Writ of Habeas Corpus (the "petition") as

follows:

1.      The respondent admits the factual allegation contained in paragraph 1 of the

petition.  Further answering, the respondent states that the formal name of the court is the

Hampden Superior Court.

2.      The respondent admits the factual allegations contained in paragraph 2 of the

petition.

3.      The respondent admits the factual allegation in contained in paragraph 3.  Further

answering, the respondent states that the state court docket sheets reflect that the petitioner was

sentenced to a committed state prison term of five-to-seven years for his conviction for rape, and

a concurrent, committed sentence of two and one-half years in the house of correction for his

conviction for assault and battery.

4.      The respondent admits the factual allegations contained in paragraph four of the

petition.

5.      The respondent admits the factual allegation contained in paragraph 5 of the petition.

6.      The respondent admits, on information and belief, the factual allegation contained in paragraph 6 of the petition.

7.      The respondent states that paragraph 7 of the petition was left blank by the petitioner and therefore requires no response.

8.      The respondent admits the factual allegation contained in paragraph 8 of the petition.

9(a)-(c). The respondent admits the factual allegations contained in subparagraphs 9(a)-(c) of the petition.

9(d).    The respondent admits that the petitioner raised ineffective assistance, erroneous jury instruction, and prosecutorial misconduct claims to the Appeals Court.  Further answering, the respondent states that the five claims the petitioner raised to the Appeals Court are: (1) ineffective assistance of counsel for failure to object and/or substantial risk of a miscarriage of justice in light of jury instruction concerning the jury's impasse in reaching a verdict on the charge of rape alleged in one count of the indictment; (2) ineffective assistance of counsel for failure to object and/or substantial risk of a miscarriage of justice in light of the fresh complaint instruction issued by the trial judge; (3) reversible error by the trial court for admitting evidence purportedly vouching for the victim's credibility; (4) prosecutorial misconduct regarding the petitioner's tattoos; and (5) reversible error by admission of a bag containing letters written by the petitioner to the victim.

9(e)(1)-(3).      The respondent admits the factual allegations contained in subparagraphs

9(e)(1)-(3) of the petition.

9(e)(4)        The respondent denies the factual allegation contained in subparagraph 9(e)(4) of the petition.  Further answering, the respondent states that the petitioner raised only three claims in his application for leave to obtain further appellate review.  Those claims are: (1) ineffective assistance of counsel for failure to object and/or substantial risk of a miscarriage of justice in light of jury instruction concerning the jury's impasse in reaching a verdict on the charge of rape alleged in one count of the indictment; (2) ineffective assistance of counsel for failure to object and/or substantial risk of a miscarriage of justice in light of the fresh complaint instruction issued by the trial judge; and (3) prosecutorial misconduct in asking the trial judge to stand and reveal that the front and back of his arms were covered with tattoos.

9(f).    Subparagraph 9(f) of the petition was left blank by the petitioner and therefore requires no response.

10.    The respondent admits, on information and belief, the factual allegations contained in paragraph 10 of the petition.

11.    Paragraph 11 was left blank by the petitioner and therefore requires no response.

12.    The respondent states that paragraph 12 of the petition contains legal argument and conclusions to which no response is required.  To the extent that paragraph 12 contains allegations of fact that do not comport with the Supreme Judicial Court's findings of fact, they are denied.

13.    The respondent states that paragraph 13 of the petition contains argument and conclusions to which no response is required.

14.    The respondent is without sufficient information to admit or deny the factual allegations contained in paragraph 14 of the petition.

15(a)-(d).       Subparagraphs 15(a)-(d) were left blank by the petitioner and therefore require no response.

15(e)-(g).       The respondent admits the factual allegation contained in subparagraphs 15(e)-(g).

16.       The respondent admits the factual allegation contained in paragraph 16 of the petition.

17.       The respondent is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the petition and calls upon the petitioner to prove same.

### First Affirmative Defense

The Petition should be denied because it fails to state a claim upon which habeas corpus relief can be granted.

### Second Affirmative Defense

The Petition should be denied because the state-court adjudication of the petitioner's claims did not result in a decision that was contrary to, or involved an unreasonable application of, clearly-established federal law as determined by the Supreme Court of the United States.  *See* 28 U.S.C. § 2254(d)(1).

### Third Affirmative Defense

The Petition should be denied because the state-court adjudication of the petitioner's claims did not result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state-court proceedings.  *See* 28 U.S.C. § 2254(d)(2).

### Fourth Affirmative Defense

The Petition should be denied because the petitioner cannot rebut the presumption of

correctness accorded to the state court's factual determinations underlying his federal constitutional claims. *See* 28 U.S.C. § 2254(e)(1).

### Fifth Affirmative Defense

The Petition should be denied to the extent the petitioner's grounds for relief are premised solely on matters of state law.

### Sixth Affirmative Defense

The Petition should be denied if and to the extent that the relief sought would create or apply a new rule of constitutional law that cannot be applied retroactively on collateral review.

### Seventh Affirmative Defense

The Petition should be denied if and to the extent that the decision of the state court below rests on a state law ground that is both independent of the federal questions the petitioner presents here and adequate to support the judgment.

### Eighth Affirmative Defense

The respondent respectfully reserves the right to amend or supplement this Answer in the future should the need arise.

### Ninth Affirmative Defense

The respondent respectfully requests that the Court dismiss the Petition to the extent the claims contained within it are unexhausted.

### Supplemental Rule 5 Materials

In accordance with Rule 5 of the Habeas Rules, the respondent states that, based on his preliminary review, the petition appears to be timely filed, 28 U.S.C. § 2244(d). Further, the petitioner appears to have sufficiently exhausted his state-court remedies before filing his petition. 28 U.S.C. § 2254(b). A list of available transcripts is contained in Respondent's

Supplemental Answer, which is filed with this Answer.

**WHEREFORE,** the respondent respectfully requests that the Petition for a Writ of

Habeas Corpus be denied.

Respectfully submitted,

THOMAS F. RILEY
Attorney General


/s/ Daniel I. Smulow
Daniel I. Smulow, BBO No. 641668
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200 ext. 2949

Dated: December 27, 2005

### Certificate of Service

I, Daniel I. Smulow, hereby certify that on December 27, 2005, I served a true copy of this document by first class mail on the petitioner: Kevin Loughman, pro se, N.C.C.I. - Gardner, 500 Colony Road, P.O. Box MA 466, Gardner, MA 01440.


/s/ Daniel I. Smulow

### Notice of Filing with Clerk's Office

Notice is hereby given that the Respondents' Supplement to his Answer has been manually filed with the Court and is available in paper form only.

/s/ Daniel I. Smulow

Dated: December 27, 2005