UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 05-10374-RCL

KEVIN M. LOUGHMAN,
Petitioner

V.

STEVEN O'BRIEN,
Respondent

### SWORN AND VERIFIED AFFIDAVIT OF MR. KEVIN M. LOUGHMAN IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT

I, Mr. Kevin M. Loughman, having been duly sworn do hereby depose and state the following:

1. I am the Petitioner in the above-entitled case. I make this declaration in support of my motion for summary judgment on my own claims included in the 28 U.S.C.S. § 2254 Petitioner for a Writ of Habeas Corpus.

2. I am currently confined to the North Central Correctional Institution located at 500 Colony Road in Gardner Massachusetts. Steven O'Brien is the Chief Executive Officer otherwise known as the Superintendent of this correctional facility.

3. On December 27, 2005 Respondents' attorney Daniel I. Smulow filed an answer to my petition. The respondent admitted to the following sections of my petition:

    Paragraphs numbered 1 through 8 were admitted. Paragraphs 9 a-d were admitted. Paragraphs 9(e)(1-3) were admitted. Paragraph 9(e)(4) was denied. Paragraph 9(f) was not responded to. Paragraph 10 was admitted. Paragraph 11 was not responded to. Paragraph 12 was denied. Paragraph 13 was not responded to. Paragraph 14 was neither admitted nor denied. Paragraph 15(a-d) was not responded to. Paragraph 15(e-g) was admitted to. Paragraph 16 was not responded to. Paragraph 17 was neither admitted nor denied.

(2)

Additionally, the respondents cited nine affirmative defenses and submitted supplement materials under rule 5 of the Fed.Rules. of Civil Procedure.

4. The Petitioner is entitled to either full or partial summary judgment in this matter. As there is no material disputes as to the claims alleged by the Petitioner. And if the portions of the respondents answers that were denied are construed as discrepancies or matter of dispute, the Petitioner states that the merits of the factual dispute were not resolved in the state court hearing. That the factfinding procedure employed by the state court was not adequate to afford a full and fair hearing. and that the Petitioner did not receive a full, fair, and adequate hearing in the state court proceeding or that the Petitioner was otherwise denied due process of law in the state court proceeding.

5. Although Superintendent O'Brien did not commit the due process violations, he became responsible for them when he failed to correct them in the course of his supervisory responsibilities. A supervisor who learns of a constitutional violation through a report or appeal may be held liable for failing to correct it. <u>Williams V. Smith</u>, 781 F.2d 319, 323-24 (2d Cir. 1986)

6. Attached and annexed hereto, Petitioner submits a motion for an evidentiary hearing on the matters at bar.

### DECLARATION / VERIFICATION

I Kevin M. Loughman, am competent to testify to the factual claims made within and, I have made such factual claims under personal first hand knowledge and observations, I have not offered this document in bad faith or with the intentions of delaying any action currently at bar;

I Keven M. Loughman, hereby depose and sat the statements that I have made in this affidavit are correct and true and have been made under the pains and penalty of perjury pursuant to Superior Court Rule 15 and G.L. C. 268 § 1A on this date.

Declared and Verified By;

Dated: 1/5/06

Mr. Kevin M. Loughman
NCCI Gardner
500 Colony Rd. Po Box 466
Gardner, MA 01440-0466