UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Case Number 05-10374-RCL

KEVIN M. LOUGHMAN,
Petitioner

V.

STEVEN O'BRIEN,
Respondent

## MOTION FOR AN EVIDENTIARY HEARING

NOW COMES the Petitioner, Mr. Kevin M. Loughman, pro-se in the
above-entitled matter and respectfully moves this Honorable Court pursuant
to Rule 8 of the Federal Rules of Civil Procedure for an evidentiary
hearing in this instant matter at bar.

In support of this motion Petitioner states the following,
the Court must determine whether an evidentiary hearing is required.
This determination is to be made upon a review of the answer, the transcript,
and record of state court proceedings, and if there is one, the expanded
record. As the United States Supreme Court noted in Townsend V. Sam,
372 U.S. 293, 319 (1963) Ordinarily [The complete state-court] record
including the transcript of testimony (or if unavailable some adequate
substitute, such as a narrative record), the pleadings, court opinions,
and other pertinent documents - is indispensable to determining whether

(2)

Evidentiary Hearing

the habeas applicant received a full and fair state court evidentiary hearing resulting in reliable findings. The Court contemplates that all of these materials, if available, will be taken into account. This is especially important in view of the standard set down in <u>Townsend</u> supra,for determining <u>when</u> [emphasis added] a hearing in the federal habeas proceeding is mandatory.

The appropriate standard is this, where the facts are in dispute, the federal court in habeas corpus must hold an evidentiary hearing if the habeas applicant did not receive a full and fair evidentiary hearing in state court, either at the time of the trial or in a collateral proceeding. See 28 U.S.C. § 2254(d).

The circumstances under with a federal hearing is mandatory are not specified in 28 U.S.C. § 2254(d). The 1966 amendment clearly places the burden on the petitioner, when there has already been a state hearing, to show that it was not a fair or adequate hearing for one or more of the specifically enumerates reasons, in order to force a federal evidentiary hearing. Since the function of an evidentiary hearing is to try issues of fact. (372 US at 309), such a hearing is unnecessary when only issues of law are raised. See. e.g. <u>Yeaman V. United States</u>, 326 F.2d 293 (9th Cir. 1963).

(3)

Evidentiary Hearing

In this case, the Petitioner raised substantial claims and not just issues of law. These substantial claims were admitted to by the respondent when they answered the Petitioners complaint.

In further support of this motion Petitioner states that in situations in which an evidentiary hearing is not mandatory, the judge may nonetheless decide that an evidentiary hearing is desireable. The purpose of the test is to indicate the situations in which the holding of an evidentiary hearing is mandatory. In all other cases where the materials facts are in dispute, the holding of such a hearing is in the discretion of the district judge.

The Petitioner has filed and attached hereto to this motion a motion for summary judgment. If this court should decide that summary judgment is not appropriate for the Petition, then they must conduct an evidentiary hearing on this matter. As one of the claims that was admitted by both the Petitioner and the Respondent is ineffective assistance of counsel. See Teague V. Scott, 60 F.3d 1167, 1171-72 (5th Cir. 1995) "District Court erred in granting summary judgment to state on ineffective assistance claim because, "[v]iewing the evidence in the light most favorable to the nonmoving party, as we must do in reviewing a summary judgment",

(4)

Evidentiary Hearing

Petitioners factual allegations were sufficient to permit reasonable factfinder to conclude that counsel's performance was deficient and that petitioner was prejudiced.

Cf. Myers V. Collins, 8 F. 3d. 249, 252-253 (5th Cir. 1993) (District Court erred in granting state's motion for summary judgment because case presented "materials question of fact." Therefore, based on the aforementioned, if the Petitioner is not entitled to full or partial summary judgment, then an evidentiary hearing to discuss and decide the materials questions of fact presented in the within petition must be held.

WHEREFORE, Petitioner prays this Court:

1.    ALLOW the within motion; and

2.    ORDER an evidentiary hearing in this case; and

3.    GRANT any further relief on the behalf of the Petitioner as this Honorable Court deems fair and just.

Respectfully Submitted;

Dated: 1/5/06

/s/ Mr. Kevin M. Loughman, pro-se
Mr. Kevin M. Loughman, pro-se
NCCI Gardner
500 Colony Rd. Po Box 466
Gardner, MA 01440-0466