UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KEVIN M. LOUGHMAN,<br>      Petitioner,<br><br>v.<br><br>STEVEN O'BRIEN,<br>      Respondent. | )<br>)<br>)       Civil Action No. 05-10374-RCL<br>)<br>)<br>)<br>)<br>) |

**RESPONDENT'S MOTION TO DISPENSE WITH
THE REQUIREMENTS OF LOCAL RULE 56.1**

The respondent hereby respectfully requests that the Court dispense with the requirements of Local Rule 56.1, which requires the respondent to oppose the petitioner's motion for summary judgment with a concise statement of material facts as to which it is contended that there is genuine issue to be tried. As reasons therefore, the respondent states that habeas corpus is a "unique" proceeding, *Harris v. Nelson*, 394 U.S. 286, 294 (1969), where the Rules of Civil Procedure may be applied on a discretionary basis, and only where they are not inconsistent with the specific rules governing habeas corpus. Rule 11 of the Rules Regarding § 2254 Cases [hereinafter "Habeas Rule ___"]; F.R.C.P. 81(a)(2). The procedures specified by F.R.C.P. 56 and L.R. 56.1 are ill-suited to habeas corpus proceedings, which have specific rules governing what may be included in the record that are quite different from those used in typical civil cases. *See* Habeas Rules 5, 6, 7, 8. In particular, listing the "material facts of record of record as to which it is contended that there exists a genuine issue to be tried," L.R. 56.1, makes little sense in this context. The Appeals Court's findings of fact are entitled to a presumption of correctness. 28 U.S.C. § 2254(e)(1). Moreover, the petitioner has made no attempt whatsoever to rebut these factual findings. *See* 28 U.S.C. § 2254(e)(1) (presumption of correctness may be rebutted only

2

upon a showing of clear and convincing evidence to the contrary).    In light of the standard of review under § 2254, the Court should dispense with the summary judgment procedures specified by F.R.C.P. 56 and L.R. 56.1, and simply decide the petition using the customary habeas corpus procedures.

                                                  Respectfully submitted,

                                                  THOMAS F. REILLY
                                                  Attorney General

                                                  /s/ Daniel I. Smulow
                                                  Daniel I. Smulow BBO # 641668
                                                  Assistant Attorney General
                                                  Criminal Bureau
                                                  One Ashburton Place
                                                  Boston, Massachusetts 02108
Date: January 20, 2006                   (617) 727-2200, ext. 2949


CERTIFICATE OF SERVICE

     I hereby certify that a true copy of the above document was served upon the Kevin M. Loughman, pro se, NCCI Gardner, 500 Colony Road, Gardner, MA 01440 on January 20, 2006 by depositing the copy in the office depository for collection and delivery by first-class mail, postage pre-paid, to him as follows:

                                                  /s/ Daniel I. Smulow
                                                  Daniel I. Smulow