UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

KEVIN M. LOUGHMAN )
    petitioner, )
)
)
V. ) Civil Action No. 05-10374-RCL
)
)
STEVEN O'BRIEN )
    respondent. )
)

FILED
IN CLERKS OFFICE

2007 APR 23  P 12: 32

U.S. DISTRICT COURT
DISTRICT OF MASS.

## PETITIONER'S MEMORANDUM OF LAW IN SUPPORT OF HIS OPPOSITION TO THE RESPONDENT'S MOTION TO DISMISS

The petitioner, Kevin M. Loughman, submits this Memorandum in support of his Opposition to the Respondent's Motion to Dismiss.

The petitioner, Kevin M. Loughman states that at this point, the §2254 Petition should not be dismissed for the reasons presented by the respondent due to the inaccurate account, and false statements by the respondent.

**ARGUMENT**

The petitioner would like to start by commenting on the overzealous acts by the respondent in there attempt to spent almost 4 pages on the Commonwealth's case, but only 1 single paragraph on the Petitioner's case.

The petitioner never denies the Sexual relationship which included a varity of experimentation, however, the petitioner maintains that he never went beyond what the victim wanted or asked for. See Tr.1/117.

Page 1

Even after the petitioner and the victim decided not to be exclusive with eachother, they did meet frequently to engage in certain sexual activities.

The Commonwealth spends a large amount of time on the fact that the petitioner wrote letters/poetry, and generally showed a great deal of affection for the victim. The victim openly admitted to enjoying these letters, and she even admitted to responding back to the petitioner. See Tr.I/233-234.

The victim states that she was choked. See Tr.I/164. Bitten on the Forehead. See Tr.I/164. Dragged around the room. See Tr.I/165-166. And the victim claimed that the petitioner attempted to commit suicide. See Tr.I/166-171. however, none of these allegations were ever proven. Only a faint mark was seen on the victim's buttocks. See Original Police Report. Also that the petitioner was never observed to have sustained any injuries during the alleged altercation.

### I.  THE PETITIONER DID EXHAUST ALL STATE REMEDIES

Although the petitioner may have listed one(1) additional argument in his §2254 petition, he did rasie this and all aspects of his §2254 Petition at all levels of the Massachusetts Court's system, and in compliance with Rose V. Lundy, 455 U.S. 509 (1982); Picard v. Conner, 404 U.S. 270 (1971); and, 28 U.S.C. §2254 (b)(1)(2).

The petitioner did meet the burden and showing that he "fairly presented the substance of his federal habeas claim

to the State Court before seeking Federal review." Adelson v. Dipaola, 131 F.3d 259 (1997). Even though the petitioner may have split one of the original arguments into two separate arguments in the §2254 Petition, he has presented the "substance" of the argument in the State Court before bringing it to the Federal level.

The petition did not contain mixed items, and after even the most minimal of viewing by this Court will clearly see that all aspects were addressed/raised on the State Court Level.

### A. LOUGHMAN DID NOT JUST BRING GROUND THREE TO THE SJC LEVEL AS A PURE STATE LAW CLAIM

The petitioner contends that his attorney at the time did raise this issue throughout the second issue presented to the S.J.C., however, used ground Three as a place to reiterate what has been previously stated, and also as a place to conclude the entire document, due to the clear fact that there was no specific conclusion contained within the F.A.R. submitted to the S.J.C.

### II. THE PETITIONER"S CLAIM TO THE FRESH COMPLAINT JURY INSTRUCTION DID NOT FAIL TO ESTABLISH CAUSE AND PREJUDICE OF A MISCARRIAGE OF JUSTICE

The respondent states that since this matter was not raised at Trial, then it's weight should be diminished, this is fundamentally wrong. The second tier of the petitioner's Appeal has always been Ineffective Assistance of Counsel, and this failure is just one of the many errors which clearly show that

a miscarriage of justice did occur.

The idea that this was simply a "classic example of an independent and adequate state ground", Simpson V. Matesanz, 175 F.3rd 200 (1999), is misleading since under Strickland V. Washington, 466 U.S. 668 (1985), it is clear that these severe errors which could effect the overall outcome of the Trial which are a direct result of the ineffectivness of Trial Counsel is nothing less then a Miscarrage of Justice, and should not be treated as anything less.

The petitioner did not object to the foregoing instructions. See Tr.2/30-34, 236-250. There is a substantial risk that the erroneous fresh complaint instructions gave improper weight to the impression that the purported fresh complaint statements had indeed been made by the victim to Laura Glica, thereby bolstering unfairly the testimony of both Laura Glica and the victim. Compare Tr.2/30-32, 236-237. The error created a substantial risk of a miscarriage of justice. See e.g., Commonwealth v. Alphas, Supra 430 Mass. at 8,13.

### III. THE HABEAS PETITION SHOULD NOT BE DENIED WHERE THE PETITIONER'S INEFFECTIVE ASSISTANCE CLAIM DID NOT RENDER A FAVORABLE DECISION BY THE APPEALS COURT

The petitioner states that he has clearly indicated that the failures by the trail Counsel did amount to Ineffective Assistance of Counsel under the Sixth and Fourteeth Amendments to the United States Constitution, so in essense the petition did raise valid Federal Issues so that the claim of Ineffective

Assistance of Counsel would be preserved for his §2254 Petition.

Because, as described above, the failure of petitioner's trial counsel to object to the trial judge's fresh complaint instructions effectively bolstered the credibility of both fresh complaint witness Laura Glica and the victim, and because said failure constituted error so serious and prejudicial to the petitioner as to deprive the petitioner of a fair trial, said failure constituted ineffective assistance of counsel under the Sixth and Fourteeth Amendments. see Strickland v. Washington, supra, 466 U.s at 687; Evitts v. Lucey, supra, 469 U.S. at 392 (Sixth Amendment right to effective assistance of counsel applies to States through Fourteenth Amendment).

### B. THE PROSECUTOR'S REFERENCE TO THE PETITIONER'S TATTOOSS

The Appeals Court, and the S.J.C. failed to address the prosecutor's humiliation of the petitioner by repeatedly pointing out his elaborate tattoos and by stating in the jury's presence, "Your Honor, I would ask that we be allowed to have the defendant stand and reveal his arms". See Tr.2/169-171, 214; compare slip op. at 4-5 & 4 n. 2. In the light of what was said, it was improper for the prosecutor in closing argument to denigrate the petitioner's character by derogatory references to his tattoos. This tainted the Jury, and even though the Court did deny the request to have the petitioner show his arms to the jury, the damage was done. See Commowealth v. Clary, 388 Mass. 583 (1983), (quoting Commonwealth v. Perry, 254 Mass. 520 (1926). See also

Commonwealth v. Collins, 374 Mass. 596 (1978) (clearly impermissible to use term "'animal'" such that jury might have inferred it was a reference to defendant).

## CONCLUSION

For all the reasons presented above, the petitioner asks that the respondent's Motion to Dismiss not be allowed.

Respectfully submitted,

APRIL 17, 2007
Dated

Mr. Kevin M. Loughman, pro se
NCCI Gardner
PO Box 466
Gardner, MA 01440